[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12093
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80154-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY ALTINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2008)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

On March 28, 2008, the district court sentenced appellant, pursuant to a plea

agreement, to a prison term of 46 months for conspiracy to commit bank fraud.[1]

He now appeals his sentence, contending that the district court (1) erred in increasing his base offense level by two-levels for use of "sophisticated means," U.S.S.G. § 2B1.1(b)(9)(C); (2) erred in increasing his base offense level by two-levels for "abuse of position of trust," U.S.S.G. § 3B1.3; and (3) his sentence, which was imposed at the low-end of the Guidelines sentence range, was unreasonable. We consider these contentions in turn.

**I.**

Section 2B1.1(b)(9)(C) provides that a sentencing court may increase the base offense level for bank fraud by two levels if "the offense otherwise involved sophisticated means." Id. The term "the defendant" applies to the defendant himself and not his co-conspirator. United States v. Maung, 267 F.3d 1113, 1119 (11th Cir. 2001). In contrast, the term "the offense" focuses "on the offense, which includes the activities of co-conspirators for which the defendant is held responsible." Id. Here, the district court properly increased appellant's base offense level based on the sophisticated means of the conspiracy as a whole, and not his individual actions within the conspiracy.

---

[1] See 18 U.S.C. §§ 371 and 1344. Appellant, a bank employee, had used his position to obtain names, birth dates, and social security numbers of several of the bank's customers in order to facilitate a bank fraud conspiracy that included a network of approximately 90 individuals and several financial institutions.

Appellant argues that § 3B1.3 does not apply to ordinary bank tellers such as himself. Section 3B1.3 provides for a two-level enhancement of the base offense level "if the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." Id. Guidelines application note one states that the "adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller . . . ." Id. at § 3B1.3, comment. (n.1). However, application note two states:

> Notwithstanding Application Note 1, or any other provision of this guideline, an adjustment under this guideline shall apply to the following:
> . . .
> (B) A defendant who exceeds or abuses the authority of his or her position in order to obtain unlawfully, or use without authority, any means of identification. "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

Id. at § 3B1.3, comment. (n.2(B)). "Means of identification" is "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual" including, among other things, name, social security number, and date of birth. 18 U.S.C. § 1028(d)(7)(A).

Notwithstanding his job title, appellant was subject to application note two because he used his position as a bank employee to obtain, without authority, the names, birth dates, and social security numbers of several customers to facilitate

3

bank fraud. In sum, the court properly applied the abuse-of-position-of-trust enhancement.

**III.**

Appellant argues that, in light of the 18 U.S.C. § 3553(a) sentencing factors, his low-end of the Guidelines' sentence is unreasonable because the sentence is greater than necessary to satisfy the purposes of sentencing.

We review the sentencing process for both procedural error and substantive reasonableness. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008) (citing Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). A sentence is the product of procedural error if the district court failed to consider the 18 U.S.C. § 3553(a) factors. Id. A sentence is substantively unreasonable if the court abused is discretion in fashioning it.

Section § 3553(a) requires the sentencing court to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors

in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (3)-(7).

In this case, the district court committed no procedural error because it considered the § 3553(a) factors throughout the sentencing hearing.  The court did not abuse its discretion by imposing a sentence at the low-end of the Guidelines sentence range after noting the seriousness of the crime and the need for general deterrence.

**AFFIRMED.**